James E. BELL, Appellant,

v.

FIRST NATIONAL BANK IN DALLAS, Appellee.

No. 20257.

Court of Civil Appeals of Texas, Dallas.

March 27, 1980.

Marvin G. Shwiff, Shwiff, Caraway & Emerson, Dallas, for appellant.

Robert S. Addison, Storey, Armstrong, Steger & Martin, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

STOREY, Justice.

James E. Bell has appealed from a summary judgment granted First National Bank in Dallas. The sole ground of the appeal complains that the trial court "erroneously assumed that under Texas law a plaintiff's release to an innocent party releases all tort-feasors." Bell relies upon the supreme court's holding in *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), which abolished the common law rule, sometimes referred to as the unity of release rule, and adopted in its stead the rule that a release of a party or parties named or otherwise specifically identified fully releases only the parties so named or identified but no others. *Id.* at 196. We agree that the rule set forth in *McMillen* is controlling, but we reach the opposite conclusion from that urged by Bell, because the summary judgment evidence in this case demonstrates that the bank is "otherwise specifically identified" as one of the parties included in the release. We therefore affirm the summary judgment.

Bell sued the bank alleging that on October 18, 1977, it wrongfully repossessed a certain 1976 Mercury automobile because having previously accepted late payments, it had waived the right to require prompt payment. He alleged that the bank's repossession after refusing to accept delinquent payments amounted to conversion for which he was entitled to actual and exemplary damages.

The bank's summary judgment evidence included plaintiff's original petition in a prior suit numbered 78–7552–G, styled *James E. Bell v. Jack Marshall Lincoln Mercury, Inc.*, which prayed for identical dam-

ages from defendant upon the identical allegations of wrongful repossession and conversion as are contained in the suit against First National Bank. The prior suit ended in judgment of dismissal with prejudice based upon a Compromise Settlement Agreement and Release of All Claims, which provides in part:

> Whereas James E. Bell, hereinafter called Bell, has heretofore filed suit against Jack Marshall Lincoln Mercury, Inc., hereinafter called Jack Marshall, *alleging wrongful conversion of an automobile and failure to notify of a public or private sale, all as more fully set out in the pleadings*, said suit being cause no. 78–7552–G in the 134th District Court of Dallas County, Texas; and, . . .
>
> That the undersigned, James E. Bell, for and in consideration of the sum of Five Hundred Dollars ($500.00) paid to him on behalf of Jack Marshall Lincoln Mercury, Inc., receipt of which he hereby acknowledges, does hereby release Jack Marshall Lincoln Mercury, Inc., *and any and all other persons, firms or corporations* and/or their agents, representatives, successors and assigns, from any and all claims, demands or causes of actions set up or in any way referred to in said pleadings filed in Cause No. 78–7552–G and now pending in the 134th Judicial District Court, Dallas County, Texas; and further, in consideration of said payment, the undersigned does hereby release, relinquish, discharge and quitclaim unto Jack Marshall Lincoln Mercury, Inc. *and any and all other persons, firms or corporations* and/or their agents, representatives, successors or assigns, of and from any and all liability, claims, demands or causes of action, whether contractual, delictual or otherwise, either past, present or future, *growing out of or in any way connected with said event above-described*, and do hereby declare all claims to be fully satisfied and discharged that arise or are in connection in any way with the plaintiff's purchase of an automobile from Jack Marshall. [Emphasis added.]

We hold that, although the bank is not expressly named in the foregoing release, the intent is clear to include it as one of the "other persons, firms or corporations" that may have incurred liability because of the identical event described in the release. Consequently, it may claim the benefit of the release.

This holding is consistent with that in the *McMillen* case. There suit was brought against two doctors for negligent treatment of injuries suffered in an automobile collision after plaintiffs had released the negligent driver, Perkins. In that case the supreme court abolished the unity of release rule under which a release of one tort-feasor releases others regardless of the intent of the parties, whether or not such other parties are named or described in the release. On the other hand, the court was unwilling to adopt without modification the rule set down by the Supreme Court of Alaska in *Young v. State*, 455 P.2d 889 (Alaska 1969), namely, that unless a party is named in a release, he is not released. The modification made by our court is that other parties must be "otherwise specifically identified," thus giving controlling effect to the parties' intent. In *McMillen*, the court concluded, "The release presently before us names only William Robert Perkins and makes no reference to any other parties." It is apparent, therefore, that a release may be effective with respect to parties not named if they are identified otherwise so that the intent to release them is clear as in the case presently before us.

Affirmed.